

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C 20530*

08-137 (JDB)

May 8, 2007

**FILED**
JUN 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dani Jahn, Esquire
Federal Public Defender
625 Indiana Avenue, Suite 550
Washington, D.C. 20004

USA v.

Re:   Cathlena Heid

Dear Ms. Jahn:

     This letter sets forth the full and complete plea offer to your client, Cathlena Heid. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on May 8, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

     1. **Charges:** Ms. Heid agrees to waive Indictment and to plead guilty to a one count information charging a violation of Title 18, United States Code, Section 371 (Conspiracy). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Heid and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Heid agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Heid' actions and involvement in a conspiracy to commit bank fraud for the period of July 2004 and August 2004 in the District of Columbia. It is anticipated that during the Rule 11 plea hearing, Ms. Heid will adopt and sign the Statement of the Offense as a written proffer of evidence.

     2. **Potential penalties, assessments, and restitution**: Ms. Heid understands that the maximum sentence that can be imposed for violating Title 18, United States Code, Section 371 is 5 years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 1 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence for the federal charge, Ms. Heid understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines

1

Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines"). Ms. Heid understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Heid further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Heid' right to appeal an unlawful sentence.

    3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply to the federal charge:

        (a) Base Offense Level: U.S.S.G. § 2B1.1(a)(2) is the guideline for the offense of Conspiracy, in violation of 18 U.S.C. § 371. A decrease under U.S.S.G. § 2X1.1(b)(2) does not apply because all of the acts the conspirators believed necessary on their part for the successful completion of the substantive offense were completed. The total intended loss to the federal government as a result of Ms. Heid's actions is $24,781. Therefore, § 2B1.1(b)(1)(C) applies. The base offense level is therefore 10.

        (b) Specific Offense Characteristics: none applicable.

        (c) Acceptance Of Responsibility: Because the defendant has demonstrated acceptance of responsibility for her offense, a two-level reduction is appropriate, pursuant to U.S.S.G. § 3E1.1(a).

        TOTAL =8

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4. **Financial Arrangements:** Ms. Heid agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100, to cover the $100 special assessment, as required in Title 18, United States Code, Section 3013. Ms. Heid also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor). Ms. Heid also agrees to pay restitution in the amount of $24,781, jointly and severally with any convicted co-conspirator.

    5.    **Cooperation:** Ms. Heid agrees to cooperate with the government on the

following terms and conditions:

      a.    Ms. Heid shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Ms. Heid acknowledges that her cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

      b.    Ms. Heid shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime.

      c.    Ms. Heid shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which her testimony may be deemed relevant by the government.

      d.    Ms. Heid agrees not to disclose to any person or entity the fact of or details regarding her cooperation with law enforcement authorities.

      e.    Ms. Heid understands and acknowledges that nothing in this agreement allows her to commit any criminal violation of local, state, or federal law during the period of her cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of her cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Ms. Heid acknowledges and agrees that such a breach of this agreement will not entitle her to move to withdraw her plea of guilty. Ms. Heid further understands that, to establish a breach of this agreement, the government need only prove her commission of a criminal offense by a preponderance of the evidence.

    6.    **Government Concessions:**  In exchange for her guilty plea, the government agrees not to oppose Ms. Heid's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Ms. Heid's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Heid continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Heid in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Heid does not extend to federal or

local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Heid.

7.  **Bond Conditions:** Ms. Heid understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8.  **Departure Committee:** At the time of Ms. Heid's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Heid to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Heid to the government. If the Departure Committee determines that Ms. Heid has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Ms. Heid understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Heid further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

9.  **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Heid's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Use of Certain Information:** The parties hereby agree that, since Ms. Heid has agreed to cooperate with the government, information provided by Ms. Heid during the course of her cooperation shall not be used against her, except:

      a.     in a prosecution for perjury or giving a false statement;

      b.     if there is a breach of this agreement by Ms. Heid, as determined under the provisions of this agreement.

In both situations described in subparagraphs a. and b. immediately above, any statement made by Ms. Heid in connection with her cooperation may be used against her directly and indirectly.

        c.      In the case of information that was known to the government prior to the date of the execution of Ms. Heid's plea agreement, such information may be used, and provided to the United States Probation Office, to calculate her sentence under the Sentencing Guidelines.

    11.    **Breach of Agreement:** Ms. Heid agrees that if she fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Heid should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Heid's release (for example, should Ms. Heid commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Heid's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Heid will not have the right to move to withdraw the guilty plea; (c) Ms. Heid shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Heid, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

    In the event of a dispute as to whether Ms. Heid has breached this agreement, and if Ms. Heid so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

    12.    **Statute of Limitations Waiver:** If the defendant breaches this plea agreement, any prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Heid knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13. **Presence of Counsel**: At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Heid shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14. **USAO-DC's Criminal Division Bound**: Ms. Heid understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Heid.

15. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Heid, Ms.Heid's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Heid may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Heid and her counsel.

Sincerely yours,

*[signature]*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*
DIANE LUCAS
Assistant United States Attorneys
555 4th Street N.W., 4th Floor
Washington, DC 20350
(202) 514-7912

**Defendant's Acceptance of Plea Agreement**

I have read this plea agreement and have discussed it with my attorney, Dani Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: May 8, 2007

Cathlena Heid
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: May 8, 2007

Dani Jahn, Esquire
Attorney for the Defendant